UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

Case No. 3:97-CR-00074-DRD-6



UNITED STATES OF AMERICA
     Plaintiff,

vs.

RONALD BARRIOS-GARCIA,
     Defendant.

———————————————————————/

### MOTION TO RE-SENTENCE DEFENDANT PURSUANT TO THE FIRST CIRCUIT COURT OF APPEALS' MANDATE, REMAND-ING THIS CAUSE TO THE DISTRICT COURT FOR RESENTENCING

COMES NOW the defendant, Ronald Barrios-Garcia (hereinafter "Barrios") pro se, hereby moves this honorable court to re-sentence him pursuant to the First Circuit court of Appeal's remand, which directed this court to reduce the supervised release sentence imposed. In support, the defendant states as follows:

On August 23, 2000, the United States Court of Appeals for the First Circuit issued its mandate and remanded Barrios' case for resentencing. See United States v. Barrios-Garcia, Case No. 99-2148 (1st Cir., August 23, 2000) (See **Exhibit 1** ).

The District court however has not yet resentenced Barrios pursuant to the remand. Accordingly, because this court retains jurisdiction, Barrios moves this court to resentence him pursuant to the law of the case doctrine. See United States v. Tic-chiarelli, 171 F.3d 24, 31 (1st Cir. 1999). And also because controlling legal authority has changed dramatically e.g., "That [a] revolutionary new legal doctrine has emerged". See United States v. Rivera-Martinez 931 F.2d 148, 150-51 (1st Cir. 1991).

## I.

## FACTUAL BACKGROUND

On April 15, 1998, the defendant was charged with a super-
seding indictment in count Two for conspiring with numerous
other defendants to distribute multi-kilogram quantities of
controlled substances, in excess of five (5) kilograms of cocaine;
in excess of five (5) kilograms of cocaine base; and in excess of
one hundred (100) kilograms of marijuana, all in violation of
Title 21 U.S.C. §§ 841 and 846. See Docket Entry No. 229.

On November 9, 1998, pursuant to a plea agreement, defen-
dant pled guilty before the Honorable Judge Daniel R. Dominguez,
wherein the district court accepted the plea. See Docket Entry
No. 370.

Thereafter, on August 17, 1999, Barrios was sentenced to a
term of imprisonment of 292 months, with a deduction of sixteen
(16) Months, for time he had spent in local custody, for a total
of 276 months, to be served concurrent with his State sentence.
The court also imposed 10 years' supervised release. See Docket
Entry No. 492.

Subsequent to the aforedescribed proceedings, Barrios, through
his counsel, filed a timely Notice of Appeal. See Docket Entry No.
497 & 522. Following the filing of his timely Notice of Appeal,
Barrios' attorney, Victor P. Miranda-Corrada, was reappointed for
appellate purposes on October 6, 1999.

Thereafter, around November 1999, Barrios was detained by the State Department of corrections to carry out the remainder of a previously imposed State sentence, imposed prior to the Federal sentence. Subsequent to having been detained by the State Department of Corrections and carrying out Barrios' State sentence up until April 23, 2004, Barrios was then re-detained by the U.S. Marshalls to continue his Federal sentence.

In the interim to the above mentioned facts, counsel perfected an appeal brief for Barrios and a brief was filed by counsel with the First Circuit Court of Appeals. The Appellate court then remanded Barrios' case for resentencing to reduce the "Suprevised Release" portion of his sentence to five (5) years'. See Docket Entry No. 527, 529 and Exhibit 1.

Barrios was not aware of this remand by the Appellate Court until he received a copy of his Docket Entry sheet from this court.

3

II.

## The Blakely and Booker/Fanfan Decisions

After "Barrios'" decision, however, but before the district court amended Barrios' judgment, the Supreme Court announced its decision in Blakely v. Washington, 542 U.S. 296 (2004). In Blakely the Supreme Court applied the rule set out in Apprendi v. New Jersey, 530 U.S. 466 (2000), and held that the imposition — **based solely on the sentencing judge's factual findings** — of a sentencing enhancement above the range indicated in the State of Washington's Sentencing Reform Act violated Blakely's Sixth Amendment right because the facts supporting the findings were neither admitted by Blakely nor found by a jury beyond a reasonable doubt. Id. Blakely.

Linking this holding back to the Supreme Court's Apprendi ruling, Justice Scalia, writing for the Court and on behalf of the same group of five Justices constituting the majority in Apprendi, explained:

> Our precedents make clear...that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose **solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.** In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose **without** any additional findings.

Id. Blakely, 124 S.Ct. at 2537 (2004). Justice Scalia further explained that this particular articulation of the meaning and reach of Apprendi "reflects not just respect for longstanding precedent, but the need to give intelligible content to the right of a jury trial. That right is no mere procedural formality, but a fundamental reservation of power in our constitutional structure." Id. 2538-39.

4

And Justic Scalia concluded his opinion for the Supreme Court with the breathtakingly bold assertion that "every defendant has the **right** to insist that the prosecutor prove to the jury all facts legally essential to the punishment." Id. at 2543.

Soon enough the lower federal courts were caught in a conflict as to whether the Court's decision in Blakely applied, or not, to the Federal Sentencing Guidelines. Initially, the Eleventh Circuit held "that Blakely did not apply to the Federal Sentencing Guidelines." See United States v. Duncan, 381 F.3d 1070 (11th Cir. 2004); United States v. Reese, 382 F.3d 1308 (11th Cir. 2004): United States v. Pineiro, 377 F.3d 464, 467 (5th Cir. 2004)(holding that Blakely does not extend to the federal Sentencing Guidelines). Compare with United States v. Booker, 375 F.3d 508, 513 (7th Cir. 2004)(holding federal Sentencing Guidelines unconstitutional as applied to sentence enhancement based on facts not determined by the jury beyond a reasonable doubt); United States v. Ameline, 376 F.3d 967, 974-78 (9th Cir. 2004)("We join the Seventh Circuit in holding that Blakely [] applies with equal force to the Sentencing Guidelines.").

Consequently, the Supreme Court agreed to consider on an expedited schedule Blakely's applicability to the federal sentencing guidelines in the cases of United States v. Booker, 125 S. Ct. 11 (2005) and United States v. Fanfan, 125 S. Ct. 12 (2005), by immediately granting certiorari and scheduling oral argument. Booker's opinion was subsequently rendered January 12, 2005.

5

Booker consists of two majority opinions: the first by
Justice Stevens dealing with the Sixth Amendment ruling, and the
second by justice Breyer dealing with the remedy. The Sixth Amen-
dment majority held that because the guidelines were mandatory,
they must be subject to the rule of Apprendi and Blakely—that
"any fact (other than a prior conviction) which is necessary to
support a sentence exceeding the maximum authorized by the facts
established by a plea of guilty or a jury verdict must be admit-
ted by the defendant or proved to a jury beyond a reasonable
doubt." Booker 125 S. Ct. at 756. Thus, under mandatory guide-
lines, non-recidivist sentence enhancements cannot be based on
judge-found facts.

The remedy majority cured this problem simply by excising
the parts of the Sentencing Reform Act (SRA) that made the guide-
lines mandatory. In particular, the Court struck 18 U.S.C. §3553
(b)(1) (providing that district courts "shall" impose a guide-
lines sentence) and §3742 (e) (setting forth standards of appel-
late review). Id. at 756-57. This, in the remedy majority's
words, makes the sentencing guidelines "effectively advisory" in
all cases. Id at 757.

Under these now-advisory guidelines, the Court ruled that
district courts are no longer bound by the guideline range, but
instead must "consider" the range along with a number of sentencing
goals and factors set out in 18 U.S.C. § 3553 (a). Thus, it is with
these goals and factors in light of Booker that Barrios wishes the
district court sentence him under.

6

III.

### Exceptions to the Mandate Rule

The "law of the case" doctrine is a "prudential principle that 'precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided'" See United States v. Vigneau, 337 F.3d 62, 67 (1st Cir. 2003) Citing Field v. Mans, 157 F.3d 35, 40 (1st Cir. 1996).

One aspect of the law of the case doctrine is the "mandate" rule, which requires a district court to follow the decisions of a higher court. See Ellis v. United States, 313 F.3d 636, 646 (1st Cir. 2002); see also United States v. Rivera Martinez, 931 F.2d 148-50 (1st Cir. 1991) ("When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it **must** be followed by the trial court on remand." (emphasis in original) ); United States v. Ticchiarelli, 171 F.3d 24, 31 (1st Cir. 1999) ("The 'mandate rule' generally requires that a district court conform with the remand order from an Appellate Court.").

The law of the case doctrine is, however, not an absolute bar to reconsideration and may "tolerate a 'modicum of residual flexibility' in exceptional circumstances." See United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993) (quoting Rivera-Martinez, supra, 931 F.2d at 151). Because the mandate rule is a specific application of the law of the case doctrine, it is subject to the occasional exception when justice requires. Id. This is true "even within the particular strictures of a remand for resentencing." Ticchiarelli, 171 F.3d at 29.

"For a court to resurrect an issue on remand, the proponent of reopening an already decided matter must accomplish one of three things: **(1)** 'show that controlling legal authority has changed dramatically; **(2)** proffer significant new evidence, not earlier obtainable in the exercise of due diligence; **(3)** or convince the court that a blatant error in the prior decision will, if uncorrected, result in a serious injustice.' " See United States v. Vigneau, 337 F.3d 62 (1st Cir. 2003)(quoting Bell, supra, 988 F.2d at 251; Rivera-Martinez, supra, 931 F.2d at 151.

Therefor, based on exception **(1)** above, Barrios compels this court to take notice of Booker's application to his case as controlling legal authority fitting the confines of a "revolutionary new legal doctrine [that] has emerged" since he was last sentenced. Rivera-Martinez, supra, 931 F.2d at 150-51. And at the very least it is categorized as an "Intervening change in controlling law" because of the dramatic change of mandatory guidelines to now-effectively advisory, wholeheartedly allowing the district court to "consider" the guideline range with a number of sentencing goals and factors set out in 18 U.S.C. § 3553 (a).

Thus, because this Court retains jurisdiction, Barrios moves this Court to resentence him in light of Booker's holding. See United States v. Sears, 411 F.3d 1240 (11th Cir. 2005)(Resentencing defendant after being remanded for a resentencing by the Court of Appeals' mandate based upon an erroneously imposed supervised release sentence).

## 1.    Intervening Change In Controlling Law

It is well-established that a district court must disregard
or deviate from an appellate mandate if a subsequent decision by
the Supreme Court changes the controlling law and contradicts the
"law-of-the-case" established by the Court of Appeals. See 18B
WRIGHT, MILLER, & COOPER, FED. PRAC. & PROC.: JURIS. 2 D § 4478.3
at 746 (2d. ed. 2002) ("Some decisions recognize that a trial court
may depart from the mandate to obey new law without first asking
permission from the appellate court."); see also Rappa v. New
Castle County, 18 F.3d 1043, 1057 (3d Cir. 1994)("Obviously, the
decisions of the Supreme Court are binding on this Court and con-
stitute the law of the land.").

This Court must re-sentence Barrios because the Supreme Court's
decision in Booker/Fanfan represents "an intervening change in con-
trolling law [that] dictates a different result." Leggett v. Badger,
798 F.2d 1387, 1390 (11th Cir. 1986)(per curiam)(noting that a
district court may act contrary to a court of appeals mandate
"when controlling authority has been rendered, contrary to the law
of the appellate decision")(quoting Piambino v. Bailey, 757 F.2d
1112, 1120 (11th Cir. 1985); Cameo Convalescent Center, Inc. v.
Percy, 800 F.2d 108, 110 (7th Cir. 1986)(finding it proper for a
federal district court to have disregarded an appellate mandate
when a subsequent Supreme Court decision changed the controlling
law); Morrow v. Dillard, 580 F.2d 1284, 1292 (5th Cir. 1978)(ob-
serving that a trial court must follow the "law of the case" estab-
lished by an appellate court unless "controlling authority has since
made a contrary decision of the law applicable to such issues.").

## CONCLUSION

Based upon the foregoing, this Court should re-sentence Barrios as the mandate of the Court of Appeals for the First Circuit instructs pursuant to the law of the case doctrine, utilizing the new now-advisory sentencing regime in light of Booker's opinion that is an intervening change in controlling law.

Respectfully submitted,

November 28, 2005.

Ronald Barrios-Garcia, pro se
Reg. No. 14937-069
FCC-Medium, Unit A-3
P.O. Box 1032
Coleman, Fl 33521-1032

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "Motion To Re-sentence Defendant...", was mailed via the U.S. Mail postage prepaid first class to AUSA Jacabed Rodriguez Coss to the U.S. Attorney's Office, Room 452, 150 Carlos Chardon Avenue, San Juan, PR 00918.

This 28th day of November, 2005. By