UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

Case No. _____

Criminal No. 3:97-CR-00074-DRD-6

RONALD BARRIOS-GARCIA,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/



## MEMORANDUM OF LAW IN SUPPORT OF MOVANT'S §2255 MOTION

COMES NOW, Rondald Barrios-Garcia, Movant pro se, hereby files this Memorandum of Law in Support of his §2255 Motion and hereby requests for a renewed Amended Judgment, and states as his reasons for such are that:

> MOVANT'S DUE PROCESS RIGHTS ARE BEING VIOLATED
> BY THE BUREAU OF PRISON'S FAILURE TO FOLLOW
> THE DISTRICT COURT'S INTENTION IN THE AMENDED
> JUDGMENT & COMMITTMENT ORDER TO RECEIVE A
> CONCURRENT SENTENCE BEGINNING APRIL 11, 1997,
> CAUSING A LENGTHIER SENTENCE OF THREE (3) MONTHS
> AND EIGHTEEN (18) DAYS, AND FOR ALSO DEFRAUDING
> MOVANT OF 161 DAYS OF TOTAL GOOD TIME CREDIT

After this Court's imposition of judgment on May 31, 2006, in the above captioned matter, the Movant was returned to FCC-Coleman Medium to consumate the remainder of his sentence the Honorable Judge Dominguez ordered. That sentence being "276 months[1] to be

---

[1] Judge Dominguez's initial intent occured by sentencing Movant to 292 months, but deducted 16 months credit for local custody due to the relevancy of conduct to the instant federal offense, leaving same sentence at 276 months.

1

served concurrently with the local sentence and using the start date of April 11, 1997," Movant's arrest date by the U.S. Marshals from the state authorities. See Amended Judgment at pg. 2.

However, upon returning to FCC Coleman Medium, the Movant received the amended judgment and hurriedly asked his Unit Team staff to adjust his Computation data Sheet to reflect the proper credit as indicated by the district court, commencing on April 11, 1997.

Movant's casemanager, Ms. Torres, was kind enough to e-mail and call the proper authorities in charge of adjusting the Computation Data Sheet. Also, Ms. Torres was kind enough to write out a response to Movant's query and informed Movant that his sentence "went from 23 years (276 months) to 20 years, 7 months, 25 days. "In their estimation, the computation was recalculated correctly. [And stated that] If I [felt] it [was] not right, [I could] write: DSCC, U.S. Armed Forces Reserve Complex, 346 Marine Forces Drive, Grand Prairie, TX 75051." See Attached Exhibits, "A" & "B".

First and foremost, the BOP **cannot** change the directives of a federal judge's Order of sentence. In the instant case, the BOP imposed a new sentence (20 yrs., 7 mos., 25 days), that at first glance, seems in favor of Movant, but **is clearly not**. The actual recalculated computation by the BOP is in disfavor to Movant and taint amount to a lengthier sentence, because: by recalculating and reducing Movant's sentence from 23 years to 20 years, 7 months,

and 25 days, a difference of 2 years, 4 months and 6 days,[2] the Movant is not receiving the alleged good time credit (Good Time) of 54 days per year, plus the prorated calculations of good time for the months, and days for the whole — 2 years, 4 months, 6 days. The prejudice suffered by Movant leads to a lengthier sentence by 3 months and 18 days. See Glover v. United States, 531 U.S. 198 (2001)(any additional jailtime has Sixth Amendment significance.). Therefore, the aforedescribed request to this Honorable Judge should be granted because, the Bureau of Prisons was forwarned in writing by receiving a copy of the sentencing hearing transcripts of being exposed of being found in contempt for.... "pussyfooting with federal sentences...."[3] See Re-Sentencing Transcripts, May 12, 2006, at pgs. 10-16.

---

[2] From April 11, 1997 to August 17, 1999, is two (2) years, four (4) months, and six (6) days, the amount of time in discrepancy of the Bureau of Prisons' reluctance in which to commence the sentence computation. The Bureau of Prisons perversely commences giving Movant the good time beginning on the latter of the two dates.

[3] The Bureau of Prisons does not understand that the district court has inherent authority to pronounce a sentence to run concurrent commencing on a specific date when an undischarged state sentence has not been exhausted pursuant to U.S.S.G. §5G1.3(b), and Movant believes that this Honorable Judge should educate the Bureau of Prisons to avoid any further abuse to fellow inmates.

THE REQUEST FOR A RENEWED AMENDED JUDGMENT
SHOULD ISSUE BECAUSE THE BUREAU OF PRISONS
IS DEFRAUDING THE MOVANT OF 161 DAYS OF
GOOD TIME BY ALLEGING TO LITERALLY AWARD
HIM 54 DAYS PER YEAR OF GOOD TIME CREDIT,
BUT WHAT REALLY ONLY COMPUTES IT BY 47
DAYS PER YEAR OFF

A renewed amended judgment should issue because the Bureu of Prisons is defrauding Movant by 161 days good time by the following matter.

On page 3 of Exhibit "B", the BOP alleges to give Movant 54 days of good time credit per year for the length of his sentence, but, in reality, it only computes it by 47 days of good time credit per year.

The following computation below is going to be evidenced to prove Movant's claim that the BOP is defrauding the Movant by comparing it to the BOP's computation [4] in Exhibit "B".

On page 1 of Exhibit "B", the BOP recalculated and imposed a new sentence of 20 years, 7 months, 25 days.[5] The BOP commences giving Movant good time credit on August 17, 1999, the date of Movant's sentencing — the same date the computation began according to page 2 of Exhibit "B".

---

[4] A calculator may be useful to follow Movant's mathematical computation.

[5] At no time is Movant assenting to the Bureau's new imposition of sentence, but, rather is just using it as a deducted hypothetical to prove his point that the Bureau of Prisons is defruding him of good time credit of 161 days.

4

By computing 20 years, 7 months and 25 days to all days, it totals 7,535 days. Then by multiplying the 20 years of this sentence times 47 days, you come up with 940 days of good time credit. Subtracting this 940 days from the total days of 7,535, you come up with 6,595 sub total days. (7,535 - 940 = 6,595.) To figure in the 7 months, you then multiply 47 days times 7 months (of the same sentence) for a total of 329. You then divide the 329 by 12 months, for a total of 27.41 days of good time credit for the 7 months. We then subtract the 27.41 days from the subtotal of 6,595 days, for a subtotal of 6,567.59 days. (6,595 - 27.41 = 6,567.59). Then we figure in the 25 day portion of the sentence by multiplying it times 47 (the good time days BOP awards), for a total of 1,175 days. (25 x 47 = 1,175). Then we divide 1,175 by 365 (days in a year), for a total of 3.21 days good time for the 25 days. (1,175 ÷ 365 = 3.21). Subtracting the 3.21 days from the subtotal of 6,567.59, we come up with 6,564.38. (6,567.59 - 3.21 = 6,564.38).

This new total of 6,564.38 days we now divide by 365 days, and come up with 17 years, 11 months and 29 days. This is the actual time in prison Movant would have to do using the hypothetical sentence of 20 years, 7 months and 25 days. [6]

Looking ahead in time, starting on August 17, 1999, 17 years, 11 months and 29 days, would bring Movant's actual release date to be August 16, 2017. See Exhibit "B" attached, and compare. Thus, as evidenced, although the BOP computes the good time credit by 54 days, it has been shown that in reality, it only computes it by 47 days per year.

---

[6]  See Ft. Nt. No. 5.

5

A CORRECT COMPUTATION OF GOOD TIME CREDIT
BY 54 DAYS PER YEAR OFF AS ALLEGED BY BOP
IN EXHIBIT "B", YIELDS 161 DAYS LESS OFF
THE LENGTH OF MOVANT'S SENTENCE UPON
COMPLETION, AND IN LINE WITH THE DISTRICT
COURT'S INTENT TO PUNISH MOVANT [7]

The computation for 54 days per year good time from Movant's sentence of 23 years (276 months), is easier to compute, and thus, is needed to appropriately demonstrate that Movant is being defrauded of 161 days good time credit by the BOP's erroneous computation.

Twenty three (23) years computes to 8,395 days. Multiplying 23 years times 54 days, equals 1,242 days. (Good time credit). We now substract this from the total days for a total of 7,153 days. (8,395 - 1,242 - 7,153).

---

[7] Movant asserts that there are a number of arguments he could present in the instant motion, e.g. (1) tha pursuant to Movant's case not being final (because of the remand from direct appeal), Booker did apply to Movant at his resentencing, and that counsel rendered ineffective assistance of counsel for failing to file a notice of appeal; (2) that an Edwards violation occurred because of the 3 types of drugs involved, and thus, 5 years was the statutory maximum, pursuant to §841(b)(1)(D), for marijuana type drug. See Edwards v. United States, 523 U.S. 511 (1998); (3) that Movant's state priors were relevant conduct to the instant offense, and thus, the district court should have ran his sentence concurrent beyond the October 1995 date the district court gave credit for 16 months. However, Movant knowing that there is merit in the above-mentioned claims, only wants to bring the instant issues herein, because of the manner in which the district court conducted itself upon pronouncing the sentence, and better suits his actual intention of Movant's sentence.

This new total of 7,153 days, we divide by 365, which is 19 years, 5 months and 18 days, which is the real prison time Movant would have to do in prison.

Now looking ahead in time, starting on April 11, 1997, Movant's release date would then be September 29, 2016. Seeing as though the BOP's computation of Movant's good time credit will be 47 days per year, not 54, as demonstrated herein at pages 4-5, then an amended judgment adjusting Movant's sentence by 5 months, and 11 days less is warranted. Movant would therefore suggest that the amended judgment be for a total sentence of 271 months, or if the Court is inclined, for a total of 270 months, which would give him a total of 6 additional months off (rather than 5 months, 11 days.)

WHEREFORE, Movant prays this Honorable Court amend the Judgment in this matter to reflect a proper sentence as described herein, and for such other relief as this Court deems just and proper in this premise.

This 25th day of May, 2007.

Respectfully Submitted,

Ronald Barrios Garcia
Reg. No. 14937-069
FCC-Medium
P.O. Box 1032
Coleman, FL 33521-1032

7

*Barrios*

Your sentence cannot be started in 1997 because you were not sentenced in 1997. A sentence cannot start running before it is imposed.

She looked at the new computation, the center did as the court ordered, but in accordance with policy.

You were credited accordingly, because you sentence went from 23 years to 20 yrs, 7 mos, 25 days. In their estimation, the computation was re-calculated correctly. If you feel it is not right, you can write:

DSCC, U.S. Armed Forces Reserve Complex, 346 Marine Forces Drive, Grand Prarie, TX 75051

*C. Torres*

Exhibit A

```
COMKU   540*23  *            SENTENCE MONITORING           *    05-02-2007
PAGE 001        *             COMPUTATION DATA             *    10:53:05
                              AS OF 05-02-2007

REGNO..: 14937-069 NAME: BARRIOS-GARCIA, RONALD


FBI NO............: 172962RA9          DATE OF BIRTH: 09-20-1971
ARS1..............: COM/A-DES
UNIT..............: A 3-4              QUARTERS.....: A05-001L
DETAINERS.........: NO                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 02-13-2017

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:   08-13-2017 VIA GCT REL

-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION............: PUERTO RICO
DOCKET NUMBER....................: 3:97CR074-06(DRD)
JUDGE............................: DOMINGUEZ
DATE SENTENCED/PROBATION IMPOSED.: 08-17-1999
DATE COMMITTED...................: 10-05-2004
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO

                 FELONY ASSESS   MISDMNR ASSESS    FINES           COSTS
NON-COMMITTED.:  $100.00         $00.00            $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO        AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ----------------------------
OFFENSE CODE....:   391
OFF/CHG: 21:846 CONSPIRACY TO DISTRIBUTE COCAINE, COCAINE BASE, AND
         MARIJUANA

   SENTENCE PROCEDURE...............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:     276 MONTHS
   TERM OF SUPERVISION.............:       8 YEARS
   NEW SENTENCE IMPOSED............:      20 YEARS      7 MONTHS      25 DAYS
   BASIS FOR CHANGE................: COURT ORDER MODIFYING SENTENCE
   CLASS OF OFFENSE................: CLASS A FELONY
   DATE OF OFFENSE.................: 04-10-1997




G0002        MORE PAGES TO FOLLOW . . .
```

pg 14

Exhibit B

```
COMKU  540*23  *        SENTENCE MONITORING        *   05-02-2007
PAGE 002       *        COMPUTATION DATA           *   10:53:05
                        AS OF 05-02-2007

REGNO..: 14937-069  NAME: BARRIOS-GARCIA, RONALD


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-31-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-03-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN.........: 08-17-1999
TOTAL TERM IN EFFECT...........:      20 YEARS      7 MONTHS      25 DAYS
TOTAL TERM IN EFFECT CONVERTED.:      20 YEARS      7 MONTHS      25 DAYS
EARLIEST DATE OF OFFENSE.......: 04-10-1997

TOTAL PRIOR CREDIT TIME........: 0
TOTAL INOPERATIVE TIME.........: 0
TOTAL GCT EARNED AND PROJECTED.: 971
TOTAL GCT EARNED...............: 378
STATUTORY RELEASE DATE PROJECTED: 08-13-2017
SIX MONTH /10% DATE............: N/A
EXPIRATION FULL TERM DATE......: 04-10-2020

PROJECTED SATISFACTION DATE....: 08-13-2017
PROJECTED SATISFACTION METHOD..: GCT REL

REMARKS.......: SIXTEEN MONTHS FOR TIME ALREADY SPEND UNDER LOCAL CUSTODY
                PURSUANT TO GUIDELINE SECTION 5G1.3(B), FOR A TOTAL OF TWO
                HUNDRED SEVENTY SIX MONTHS TO BE SERVED CONCURRENTLY WITH THE
                LOCAL SENTENCE. COMP UPDATED ON 10-31-2006 DUE TO AMENDED
                JUDGEMENT REFLECTING ADDITIONAL JAIL CREDIT.




S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

```
   COMKU   542*22  *          SENTENCE MONITORING        *    05-02-2007
   PAGE 003         *             GOOD TIME DATA         *    15:12:27
                                AS OF  05-02-2007

   REGNO...: 14937-069    NAME: BARRIOS-GARCIA, RONALD
   ARS 1...: COM A-DES                                PLRA
   COMPUTATION NUMBER..: 010              FUNC..: PRT     ACT DT:
   LAST UPDATED:  DATE.: 10-31-2006       FACL..: DSC     CALC: AUTOMATIC
   UNIT................: A 3-4            QUARTERS............: A05-001L
   DATE COMP BEGINS....: 08-17-1999       COMP STATUS.........: COMPLETE
   TOTAL JAIL CREDIT...: 0                TOTAL INOP TIME.....: 0
   CURRENT REL DT......: 03-29-2019 FRI   EXPIRES FULL TERM DT: 04-10-2020
   PROJ SATISFACT DT...: 08-13-2017 SUN   PROJ SATISF METHOD..: GCT REL
   ACTUAL SATISFACT DT.:                  ACTUAL SATISF METHOD:
   DAYS REMAINING......:                  FINAL PUBLC LAW DAYS:

   -------------------------------GOOD CONDUCT TIME AMOUNTS-----------------------

      START         STOP       MAX POSSIBLE TO   ACTUAL TOTALS    VESTED     VESTED
      DATE          DATE       DIS      FFT      DIS      FFT    AMOUNT      DATE
   08-17-1999    08-16-2000    54       54
   08-17-2000    08-16-2001    54      108
   08-17-2001    08-16-2002    54      162
   08-17-2002    08-16-2003    54      216
   08-17-2003    08-16-2004    54      270
   08-17-2004    08-16-2005    54      324
   08-17-2005    08-16-2006    54      378
   08-17-2006    08-16-2007    54
   08-17-2007    08-16-2008    54
   08-17-2008    08-16-2009    54
   08-17-2009    08-16-2010    54
   08-17-2010    08-16-2011    54
   08-17-2011    08-16-2012    54
   08-17-2012    08-16-2013    54
   08-17-2013    08-16-2014    54
   08-17-2014    08-16-2015    54
   08-17-2015    08-16-2016    54
   08-17-2016    08-13-2017    53

      TOTAL EARNED AMOUNT.................................................:  378
      TOTAL EARNED AND PROJECTED AMOUNT...................................:  971




   G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```