IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CRIMINAL NO.: 97-74 (DRD)

Ronald Barrios Garcia,
    Petitioner,

vs

United States of America,
    Respondent.

MOTION TO REDUCE SENTENCE
UNDER TITLE 18 §3582 (c)(2)

    **COME NOW,** Ronald Barrios Garcia, acting pro se, pursuant to U.S. Constitution, Amendments 706, 711, 18 USC §3582 (c)(2), and 1B1.10 USSG respectfully moves this Honorable Court to reduce the sentence imposed in this, particular case, due to a subsequent retroactive reduction in the applicable guideline, **(see, 2D1.1).**

    In support thereof petitioner avers:

    1. Petitioner pled guilty to **Count Two** of the indictment: "... knowingly and intentionally distribute ... at least one and five tenths **(1.5)** Kilograms of cocaine base (crack)" **(see, plea agreement page 2(two)).**

    2. At the sentencing hearing the court, applying the then

mandatory guidelines, applied a base offense level of **38** (according to USSG §201.1). A sentence of **276** months was handed down.

3. A sentencing court's authority to reopen and, if appropriate, reduce a sentence under §3582 (c)(2) is triggered when the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to" its power to "review and revise ... the guidelines." The crack amendment (711) clearly fits within that description. Effective November 1, 2007, the Commission lowered sentencing ranges for crack offenses by **two** levels because it founded that the crack guideline over-punished crack offenders and created unwarranted disparity between them and other drug offenders. On December 11, 2007, the Commission voted to make that amended guideline retroactive. Pristinely clear, nothing more is needed to trigger the court's authority to revisit a sentence under §3582 (c)(2).

4. Once the authority to revisit [a] sentence has been triggered, the court still need to ensure that the new sentence is consistent with the §3553 (a) factors and the Commission's policy statements. **See, 18 USC §3582 (c)(2).** But those policy statements must be read as advisory after **Booker**. See, <u>Us v. Hicks,</u> **472 F3d 1167, 1170 (9th Cir. 2007)** ("... because a 'mandatory system is no longer an open choice', district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under §3582 (c)(2)") (citing, <u>Booker v. US,</u> **543 US 220, 263 (2005);** <u>US v. Jones,</u> **2007 WL 2703 122 (D. Kansas, Sept. 17, 2007);** <u>US v. Forty-Estremera,</u> **498 F. Supp. 2d 468, 471-72 (District of Puerto Rico, 2007).**

**WHEREFORE,** petitioner respectfully requests this Honorable Court to order a new, corrected Presentence Report, to conduct a new sentencing hearing, to reduce petitioner's sentence, and for such other and further relief as the court deems proper.

-3-

This motion was sent on _5^TH_ day of February 2008.

Respectfully submitted,

_____
Ronald Barrios Garcia
Petitioner, Pro Se
Reg. No.: 14937-069

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** under perjury that this 'Motion to Reduce Sentence', is true and correct, and a copy was sent first class/pre-paid to: J. Rodriguez Coss, Assistant U.S. Attorney for the District of Puerto Rico. This _5^TH_ day, February 2008.

_____
Ronald Barrios Garcia
Reg. No.: 14937-069